### STONE v ASHLAND (city)

Ohio Appeals, 5th Dist, Ashland Co.

No. 290. Decided Nov. 14, 1939

Devor & Devor, Ashland, for plaintiff-appellee.

George P. Gongwer, Ashland, for defendant-appellant.

## OPINION

By LEMERT, J.

This is a tort case appealed on questions of law by the defendant below to reverse a verdict and the judgment for $1600.00. The petition purports to charge defendant with the maintenance of a continuing nuisance resulting from the pollution of a natural water course which runs through the defendant city and thence onto the land of the plaintiff. The defendant is charged with the maintenance of this nuisance first, by reason of having constructed sewers and drains, and second, by permitting others to construct sewers and drains which empty into said water course, carrying filth, oil, grease, dirt, offal, refuse and putrid matter. The water course in question is a small stream which had its source near the north corporation line of the defendant city. It runs in a generally easterly direction through the north part of the factory district of the city of Ashland, part of the way as an open ditch, and part of the way through large tile. It enters upon the southwest corner of the land of the plaintiff as an open ditch. The westerly boundary of the plaintiff's land is the easterly corporation line of the city of Ashland. The city of Ashland has constructed and operates storm sewers of various sizes which carry surface water and water from the roofs of buildings and factories which empty into said stream.

This cause was tried in the Court of Common Pleas of Ashland County, and a jury rendering a verdict in the sum of $1600.00, the city contends that the verdict is not sustained by sufficient evidence as a ground for a reversal of the judgment granted by the trial court on this verdict. An examination of the record in this case discloses and it is clearly evident that this stream is badly polluted. But the city argues that there is not evidence in the record that the city did it, and while it is true that the law makes a distinction between governmental and proprietary or ministerial duties of a municipality, and the city could not be held liable for permitting a wrong in a governmental matter, but a city will be held liable for permitting a wrong in a proprietary or ministerial matter. The city cannot assist one to pollute a stream and avoid liability.

While the weight of authority holds that the construction and institution of a sewer system is a governmental matter and that there is no liability for mere failure to construct sewers, however, the great weight of authority is equally decisive in holding that the operation and upkeep of sewers is not a governmental function but a ministerial or proprietary function of the city. (**Portsmouth v Mitchell, 113 Oh St 255**). Beginning as far back as **86 Oh St 1**, in the case of **Board of Health v Greenville**, the Supreme Court of Ohio held that a municipal corporation has no right to discharge sewage into a living stream of water to pollute the same, and more recently the

Supreme Court in the case of **Salem v Harding, 121 Oh St 418, Willoughby v Malone, 122 Oh St 319, Hutchinson v Lakewood, 125 Oh St 102,** have held along the same line.

The defendant city constructed sewers from many directions on and over various streets and all empty into this open stream, then the city deepened and sloped the banks of this stream down to plaintiff's lands from the mouth of these sewers. The record discloses that the city actually polluted this stream and allowed and permitted others to pollute the same and refused to do anything for appellee and ignored his complaints. So we find that the jury rightfully returned a verdict in the sum of $1600.00 and the Court below was fully justified in rendering judgment on the verdict.

It therefore follows that the finding and judgment of the court below will be and the same is hereby affirmed. Exceptions may be noted.

SHERICK, PJ. & MONTGOMERY, J., concur.